UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

| | | |
|---|---|---|
| OSCAR ZUNIGA, on behalf of himself and all others similarly situated, JOSE MELENDEZ, GLADIS SOFIA ESCOBAR DE BURGOS, and EUGENIA GUTIERREZ individually, | : : : : | Case No. 20 Civ. 901 <br><br> CLASS AND COLLECTIVE ACTION COMPLAINT |
| Plaintiffs, | : | |
| - against - | : : | |
| 400 NEW YORK AVENUE REST. CORP. and BRETT HUGHES, individually, | : : : | |
| Defendants. | : | |

------------------------------------------------------------------------- X

Plaintiffs Oscar Zuniga, on behalf of himself and all others similarly situated, Jose Melendez, Gladis Sofia Escobar de Burgos, Eugenia Gutierrez, individually (collectively, "Plaintiffs"), by and through their attorneys Kessler Matura P.C., complaining of Defendants 400 New York Avenue Rest. Corp. and Brett Hughes, individually (collectively "Defendants") allege as follows:

## **INTRODUCTION**

1. This is a class and collective action brought on behalf of Defendants' current and former kitchen workers. Plaintiffs bring this action to seek redress against Defendants for unpaid overtime, unpaid spread of hours pay and notice and wage statement violations.

2. Defendants failed to pay Plaintiffs and the potential class and collective overtime pay for all hours worked over forty per workweek.

3. Defendants failed to pay Plaintiffs and the potential class spread of hours pay for all shifts in which they worked greater than ten hours in one day.

1

4.      Plaintiff Zuniga brings this unpaid overtime claim on behalf of himself and all similarly situated current and former employees of Defendants pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## JURISDICTION & VENUE

5.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

7.      This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Oscar Zuniga*

8.      Plaintiff Zuniga is an individual who resides in Suffolk County, New York.

9.      At all times relevant to the Complaint, Plaintiff Zuniga was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

10.     At all times relevant, Plaintiff Zuniga was employed by Defendants as a kitchen worker.

11.     Plaintiff Zuniga expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A.

**Plaintiff Jose Melendez**

12.     Plaintiff Melendez is an individual who resides in Suffolk County, New York.

13.     At all times relevant to the Complaint, Plaintiff Melendez was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

14.     At all times relevant, Plaintiff Melendez was employed by Defendants as a kitchen worker.

15.     Plaintiff Melendez expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A.

**Plaintiff Gladis Sofia Escobar de Burgos**

16.     Plaintiff Escobar de Burgos is an individual who resides in Washington County, Arkansas.

17.     At all times relevant to the Complaint, Plaintiff Escobar de Burgos was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

18.     At all times relevant, Plaintiff Escobar de Burgos was employed by Defendants as a kitchen worker.

19.     Plaintiff Escobar de Burgos expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A.

**Plaintiff Eugenia Gutierrez**

20.     Plaintiff Gutierrez is an individual who resides in Suffolk County, New York.

21.     At all times relevant to the Complaint, Plaintiff Gutierrez was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

22.     At all times relevant, Plaintiff Gutierrez was employed by Defendants as a kitchen worker.

23.     Plaintiff Gutierrez expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A.

***Defendant 400 New York Avenue Rest. Corp.***

24.     Upon information and belief, Defendant 400 New York Avenue Rest. Corp. ("FH Riley's") is a New York corporation registered to do business in the State of New York.

25.     Defendant 400 New York Avenue Rest. Corp. was doing business as FH Riley's.

26.     Upon information and belief, Defendant FH Riley's maintains its principle place of business at 400 New York Avenue, Huntington, NY.

27.     At all times hereinafter mentioned, Defendant FH Riley's was an "employer" within the meaning of all applicable statutes.

28.     At all times hereinafter mentioned, the activities of Defendant FH Riley's constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

29.     Upon information and belief, Defendant FH Riley's maintained control, oversight, and direction over their operations and employment practices.

30.     At all times hereinafter mentioned, Defendant FH Riley's employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

31.     Defendant FH Riley's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

32.     At all relevant times, Defendant FH Riley's maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

33.     Defendant FH Riley's applied the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of wages and overtime compensation.

***Defendant Brett Hughes***

34.     Defendant Brett Hughes is registered with the New York State Department of State, Division of Corporations, as the Chief Executive Officer of Defendant FH Riley's.

35.     Defendant Brett Hughes is registered with the New York State Liquor Authority as the principal of Defendant FH Riley's.

36.     Upon information and belief, and at all times hereinafter mentioned, Defendant Brett Hughes owned and/or operated Defendant FH Riley's.

37.     Upon information and belief, and at all times hereinafter mentioned, Defendant Brett Hughes is an agent of Defendant FH Riley's.

38.     Upon information and belief, and at all times hereinafter mentioned, Defendant Brett Hughes was a manger and supervisor of Defendant FH Riley's.

39.     Upon information and belief, and at all times hereinafter mentioned, Defendant Brett Hughes had the authority over personnel decisions for Defendant FH Riley's.

40.     Upon information and belief, and at all times hereinafter mentioned, Defendant Brett Hughes had the authority over payroll decisions for Defendant FH Riley's.

41.     Upon information and belief, and at all times hereinafter mentioned, Defendant Brett Hughes supervised employees of Defendant FH Riley's.

42.     Upon information and belief, and at all times hereinafter mentioned, Defendant Brett Hughes had the authority to hire and fire employees for Defendant FH Riley's.

43.     Defendant Brett Hughes had the power to make binding decisions for Defendant FH Riley's.

44.     Defendant Brett Hughes had the power to transfer the assets or liabilities of Defendant FH Riley's.

45.     Defendant Brett Hughes had the power to declare bankruptcy on behalf of Defendant FH Riley's.

46.     Defendant Brett Hughes had the power to enter into contracts on behalf of Defendant FH Riley's.

47.     At all times hereinafter mentioned, Defendant Brett Hughes was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

**FLSA COLLECTIVE ACTION CLAIMS**

48.     Plaintiff Zuniga brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendants as a kitchen workers within the last three years and who elect to opt-in to this action.

49.     Plaintiff Zuniga represents other kitchen workers and is acting on behalf of Defendants' current and former kitchen workers' interests as well as his own interests in bringing this action.

50.     Defendants unlawfully required Plaintiff Zuniga and all individuals employed as kitchen workers to work in excess of 40 hours per week without paying them overtime compensation for all hours they worked in excess of 40 hours per week.

51.     Plaintiff Zuniga seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All kitchen workers who are currently or have been employed by Defendants at any time during the three years prior to the filing of their respective consent forms (the "FLSA Collective").

52.     Defendants were aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiff Zuniga and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 hours per workweek.

53.     The FLSA Collective is readily identifiable and locatable through the use of Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## NEW YORK CLASS ALLEGATIONS

54.     Plaintiff Zuniga brings the Second, Third, Fourth, and Fifth Causes of Action on his own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All kitchen workers who have been employed by Defendants at any
> time during the six years prior to the filing of this complaint.

55.     The persons in the New York Class are so numerous that joinder of all members is

impracticable.  Although, the precise number of such persons is unknown, and facts on which the

calculation of that number can be based are presently within the sole control of Defendants.

56.     Upon information and belief, the size of the New York Class is at least 40

individuals.

57.     Common questions of law and fact exist as to the New York Class that predominate

over any questions only affecting them individually, including without limitation:

    a.   Whether Defendants failed to pay proper compensation for all hours over forty per
        workweek and violated NYLL Articles 6 and 19, and the supporting New York
        State Department of Labor regulations;

    b.   Whether Defendants failed to pay proper spread of hours pay for all shifts worked
        in excess of ten hours and violated NYLL Articles 6 and 19, and the supporting
        New York State Department of Labor regulations;

    c.   whether Defendants failed to keep accurate time records for all hours worked by
        the New York Class Representative and the New York Class;

    d.   what proof of hours worked is sufficient where an employer fails in its duty to
        maintain true and accurate time records;

    e.   whether Defendants failed to furnish the New York Class Representative and New
        York Class with an accurate statement of, inter alia, wages, hours worked, and rates
        paid as required by N.Y. Lab. Law § 195;

    f.   whether Defendants failed to furnish the New York Class Representative and New
        York Class with the hiring notice required by N.Y. Lab. Law § 195;

    g.   the nature and extent of New York Class-wide injury and the appropriate measure
        of damages sustained by the New York Class Representative and the New York
        Class; and

    h.   whether Defendants acted willfully or with reckless disregarding in its failure to
        pay the New York Class Representative and the New York Class.

58.     The New York Class Representative fairly and adequately protects the interests of the New York Class and has no interests antagonistic to the class.  The New York Class Representative is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

59.     A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the Defendants.  The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

60.     Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay proper wages and provide wage notices and wage statements  Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

61.     Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

62.     The New York Class Representative's claims are typical of those of the New York Class.  The New York Class Representative and the other New York Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  The New York Class Representative's job duties are typical of those of the class members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation

– particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COMMON FACTUAL ALLEGATIONS

63.     Plaintiffs and the members of the FLSA Collective and New York Class (collectively "Class Members") have been victims of Defendants' common policy and plan that has violated their rights under the FLSA and the NYLL by requiring kitchen workers to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked.  At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

64.     Defendants had the power to hire and fire Plaintiffs and Class Members.

65.     Defendants supervised and controlled Plaintiffs' and Class Members' schedules and conditions of work.

66.     Upon information and belief, Defendants have a policy and pattern or practice to require Plaintiffs and Class Members to work in excess of 40 hours per week.

67.     Defendants failed to pay Plaintiffs and Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA and NYLL.

68.     Defendants failed to pay Plaintiffs and Class Members an extra hour of pay at the minimum wage for all shifts in which they worked in excess of 10 hours.

69.     Defendants failed to furnish Plaintiff and Class Members with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by NYLL.

70.     Defendants failed to furnish Plaintiff and Class Members with the hiring notice required by NYLL.

71.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and NYLL. Defendants' policy and pattern or practice includes but is not limited to:

   a.   Willfully failing to record all of the time that its employees, including Plaintiffs and Class Members, worked for the benefit of Defendants;

   b.   Willfully failing to keep payroll records as required by the FLSA and NYLL;

   c.   Willfully failing to pay its employees, including Plaintiffs and Class Members, overtime wages for all of the hours that they worked in excess of 40 per workweek;

   d.   Willfully failing to pay its employees, including Plaintiffs and Class Members, spread of hours pay for all shifts worked in excess of 10 hours.

72.     Defendants were or should have been aware that the FLSA and NYLL required them to pay its kitchen workers premium overtime pay for all hours worked in excess of 40 per week.

73.     Defendants' failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

74.     Defendants' failure to pay Plaintiffs and Class Members spread of hours pay was willful, intentional, and in bad faith.

75.     Defendants' unlawful conduct was widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

*Plaintiff Oscar Zuniga*

76.    Plaintiff Zuniga was an employee of Defendants working under their direct supervision.

77.    Plaintiff Zuniga was employed by Defendants as a kitchen worker from about May 2010 to December 1, 2019 as a cook.

78.    Plaintiff Zuniga and other kitchen workers consistently worked over 40 hours a week.

79.    Plaintiff Zuniga worked a set schedule. He typically worked: Tuesday and Wednesday from 11am to 11pm, Thursday from 1pm to 11pm, Friday to Sunday from 11am to 11pm.

80.    Plaintiff Zuniga was paid $14 an hour from about 2014 to 2017 and $15 an hour from about 2018 until December 2019.

81.    Defendants failed to compensate Plaintiff Zuniga for all hours worked in excess of 40 hours per week at a rate of at least one and one-half times his regular rate of pay, throughout the entire term of his employment with Defendants.

82.    Plaintiff Zuniga typically worked 60 hours per week. Plaintiff Zuniga was not paid time and one-half his regular rate of pay for approximately 20 hours a week during most weeks of his employment.

83.    Plaintiff Zuniga regularly worked greater than 10 hours in one shift.

84.    However, throughout Plaintiff Zuniga's employment, Defendants failed to compensate an additional hour of pay at the minimum wage for every shift in which he worked greater than 10 hours.

85.     Defendants failed to furnish Plaintiff Zuniga with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

***Plaintiff Jose Melendez***

86.     Plaintiff Melendez was an employee of Defendants working under their direct supervision.

87.     Plaintiff Melendez was employed by Defendants as a kitchen worker from about June 2010 to November 2019

88.     Plaintiffs Melendez and other kitchen workers consistently worked over 40 hours a week.

89.     Plaintiff Melendez worked a set schedule. He typically worked:  Tuesday to Wednesday from 11am to 10pm and Friday to Sunday from 11am to 11pm.  He was given a one half-hour lunch break each day.

90.     Plaintiff Melendez was paid $15 per hour in 2014, $17 per hour in 2018 and then in June of 2019 he was paid $750 per week.

91.     Defendants failed to compensate Plaintiffs Melendez for all hours worked in excess of 40 hours per week at a rate of at least one and one-half times his regular rate of pay, throughout the entire term of his employment with Defendants.

92.     Plaintiff Melendez typically worked 58 hours per week. Plaintiff Melendez was not paid time and one-half his regular rate of pay for approximately 18 hours a week during most weeks of his employment.

93.     Plaintiff Melendez regularly worked greater than 10 hours in one shift.

94.     However, throughout Plaintiff Melendez's employment, Defendants failed to compensate an additional hour of pay at the minimum wage for every shift in which he worked greater than 10 hours.

95.     Defendants failed to furnish Plaintiff Melendez with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

***Plaintiff Gladis Sofia Escobar de Burgos***

96.     Plaintiff Escobar de Burgos was an employee of Defendants working under their direct supervision.

97.     Plaintiff Escobar de Burgos was employed by Defendants as a kitchen worker from about March 2019 to September 2019.

98.     Plaintiff Escobar de Burgos and other kitchen workers consistently worked over 40 hours a week.

99.     Plaintiff Escobar de Burgos worked a set schedule. She typically worked:  Tuesday to  Thursday from 11am to 11pm, Friday and Saturday from 11am to 11:30pm and Sunday from 11am to 10pm.

100.    Plaintiff Escobar de Burgos was paid $14 per hour.

101.    Defendants failed to compensate Plaintiff Escobar de Burgos for all hours worked in excess of 40 hours per week at a rate of at least one and one-half times her regular rate of pay, throughout the entire term of her employment with Defendants.

102.    Plaintiff Escobar de Burgos typically worked 72 hours per week. Plaintiff Escobar de Burgos was not paid time and one-half his regular rate of pay for approximately 32 hours a week during most weeks of her employment.

103.    Plaintiff Escobar de Burgos regularly worked greater than 10 hours in one shift.

104.    However, throughout Escobar de Burgos's employment, Defendants failed to compensate an additional hour of pay at the minimum wage for every shift in which she worked greater than 10 hours.

105.    Defendants failed to furnish Plaintiff Escobar de Burgos with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

106.    Defendants failed to furnish Plaintiff Escobar de Burgos with a notice of wages at the time of hiring.

***Plaintiff Eugenia Gutierrez***

107.    Plaintiff Gutierrez was an employee of Defendants working under their direct supervision.

108.    Plaintiff Gutierrez has been employed by Defendants as a kitchen worker from April 2019 to September 2019 and November 26, 2019 and December 1, 2019.

109.    Plaintiff Gutierrez and other kitchen workers consistently worked over 40 hours a week.

110.    Plaintiff Gutierrez was paid $14 per hour.

111.    Plaintiff Gutierrez worked a set schedule.  She typically worked:  Tuesday to Saturday from  3pm to 10pm and Sunday from 3pm to 11pm.

112.    Defendants failed to compensate Plaintiff Gutierrez for all hours worked in excess of 40 hours per week at a rate of at least one and one-half times his regular rate of pay, throughout the entire term of his employment with Defendants.

113.    Plaintiff Gutierrez typically works 43 hours per week. Plaintiff Gutierrez is not paid time and one-half her regular rate of pay for approximately 3 hours a week during most weeks of her employment.

114.    Defendants failed to furnish Plaintiff Gutierrez with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

115.    Defendants failed to furnish Plaintiff Gutierrez with a notice of wages at the time of hiring.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

116.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

117.    Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

118.    Defendants employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the members of the FLSA Collective for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

119.    Plaintiffs have expressed their consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

120.    Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

121.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

122.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the FLSA Collective incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the New York Class)**

123.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

124.    Defendants employed Plaintiffs and the New York Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the New York Class for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of NYLL.

125.    By the course of conduct set forth above, Defendants have violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. § 146-1.4.

126.    Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs and the New York Class.

127.    Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs and the New York Class.

128.    Defendants' failure to pay overtime compensation to Plaintiffs and the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

129.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the New York Class incurred damages thereby and Defendants are indebted to them in the

amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

130.    Plaintiffs and the New York Class seek recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**NYLL – Spread of Hours Pay**
**(Brought on behalf of Plaintiffs and the New York Class)**

131.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

132.    Defendants failed to pay Plaintiffs and the New York Class one additional hour pay at the minimum wage rate for each day the spread of hours was greater than ten hours, in violation of N.Y. Lab. Law § 190, *et seq.* & 650, *et seq.*, as codified by 12 N.Y.C.R.R. § 146-1.6.

133.    Defendants failed to pay Plaintiffs and the New York Class such wages in a timely fashion, as required by Article 6 of the NYLL.

134.    Defendants' failure to pay Plaintiffs and the New York Class an additional hour of pay for each day the spread of hours was greater than 10, was willful within the meaning of N.Y. Lab. Law § 663.

135.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the New York Class have incurred damages thereby and the Defendants are indebted to them in the amount of the unpaid spread of hours compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

136.    Plaintiffs and the New York Class seek recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by the Defendants as provided by the NYLL.

**FOURTH CAUSE OF ACTION**
**NYLL – Failure to Provide Proper Wage Notices**
**(Brought on behalf of Plaintiffs and the New York Class)**

137.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

138.     Defendants have failed to supply Plaintiffs and the New York Class with proper wage notices, as required by N.Y. Lab. Law § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

139.     Due to Defendants' violations of N.Y. Lab. Law § 195(1), Plaintiffs and the New York Class are entitled to statutory penalties of $50 dollars each workday that Defendants failed to provide Plaintiffs and the members of the New York Class with annual wage notices, or a total of $5,000 each, and reasonable attorneys' fees and costs, as provided for by N.Y. Lab. Law § 198(1-b).

**FIFTH CAUSE OF ACTION**
**NYLL – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the New York Class)**

140.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

141.     Defendants failed to supply Plaintiffs and the New York Class with an accurate

statement of wages with every payment of wages as required by N.Y. Lab. Law § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

142.    Due to Defendants' violations of N.Y. Lab. Law § 195(3), Plaintiffs and the New York Class are entitled to statutory penalties of $250 dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of $5,000 dollars each, and reasonable attorneys' fees and costs, as provided for by N.Y. Lab. Law § 198 (1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zuniga, on behalf of himself and all others similarly situated, and Plaintiffs seek for the following relief:

A.    That, at the earliest possible time, Plaintiff Zuniga be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as kitchen workers, or similarly situated positions.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.      Unpaid spread-of-hours pay and liquidated damages permitted by law pursuant to the NYLL;

E.      Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

F.      Pre-judgment interest and post-judgment interest as provided by law;

G.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

H.      Attorneys' fees and costs of the action; and

I.      Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
        February 19, 2020                                Respectfully submitted,


                                                    By: /s/ Troy L. Kessler
                                                        Troy L. Kessler

                                                    **KESSLER MATURA P.C.**
                                                    Troy L. Kessler
                                                    534 Broadhollow Road, Suite 275
                                                    Melville, NY 11747
                                                    (631) 499-9100
                                                    tkessler@kesslermatura.com

                                                    ***Attorneys for Plaintiffs, the Putative***
                                                    ***FLSA Collective and the Putative Class***